IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| AMERICAN SELECT INSURANCE COMPANY<br>1 NORTH LEROY ROAD<br>WESTFIELD CENTER, OH 44251<br><br>PLAINTIFF<br><br>v.<br><br>HEARTLAND ROOFING, LLC<br>446 QUARRY ROAD<br>MOUNT JULIET, TN 37122<br><br>and<br><br>HEARTLAND ROOFING, SIDING, WINDOWS, LLC<br>438 PARK AVENUE<br>LEBANON, TN 37087<br><br>DEFENDANTS | CIVIL ACTION NO.:<br><br>JURY DEMAND<br><u>ENDORSED HEREON</u> |

## COMPLAINT

Plaintiff, American Select Insurance Company, by and through its undersigned counsel, hereby demands judgment against Defendants, Heartland Roofing, LLC and Heartland Roofing, Siding, Window, LLC, and complains against them as follows:

## PARTIES

1. American Select Insurance Company (hereinafter "Plaintiff" or "ASIC") is a commercial entity organized and existing under the laws of the State of Ohio, with its principal place of business located at 1 North Leroy Road, Westfield Center, OH 44251.

2. At all times relevant hereto, ASIC was duly authorized to engage in the business of (inter alia) property insurance in Tennessee.

3. At all times relevant hereto, ASIC provided property insurance, *inter alia,* to Stanley Link, Jr. and Melanie Lowe (hereinafter "Subrogors") in connection with the property located at 7419 Lakeview Drive, Nashville, TN 37209-5701 (hereinafter the "subject property"), under a policy of insurance that was in full force and effect on all relevant dates, and at all relevant times.

4. In the wake of the fire damage described below, as a result of a claim made on said policy (which was duly paid pursuant thereto), ASIC became subrogated to certain recovery rights and interests of the Subrogors for monies paid thereunder, including the claims giving rise to the within cause of action.

5. Upon information and belief, Defendant Heartland Roofing, LLC is a Tennessee corporation with its principal place of business located at 446 Quarry Road, Mount Juliet, TN 37122. Heartland Roofing, LLC was engaged in the business of, *inter alia,* roofing work and did install a replacement chimney cap at the subject property out of which this cause of action arises.

6. Upon information and belief, Heartland Roofing, LLC was also involved in the design and manufacturing of the chimney cap (hereinafter "subject chimney cap") it installed at the subject property.

7. Upon information and belief, Defendant Heartland Roofing, Siding, Windows, LLC, is a Tennessee corporation with its principal place of business located at 438 Park Avenue, Lebanon, TN 37087. Heartland Roofing, Siding, Windows, LLC was engaged in the business of, *inter alia,* roofing work and did install a replacement chimney cap at the subject property out of which this cause of action arises.

8. Upon information and belief, Heartland Roofing, Siding, Windows, LLC, was also involved in the design and manufacturing of the replacement chimney cap (hereinafter "subject chimney cap") it installed at the subject property.

9. Upon information and belief, Heartland Roofing, Siding, Windows, LLC is the successor in interest to Heartland Roofing, LLC. As such, Heartland Roofing, Siding, Windows, LLC and Heartland Roofing, LLC are hereinafter collectively referred to as "Heartland."

## JURISDICTION

10. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states; Plaintiff is an Ohio corporation with its principal place of business located at 1 North Leroy Road, Westfield Center, OH 44251; Heartland Roofing, LLC, is a Tennessee corporation with its principal place of business located at 446 Quarry Road, Mount Juliet, TN 37122; Heartland Roofing, Siding, Window, LLC is a Tennessee corporation with its principal place of business located at 438 Park Avenue, Lebanon, TN 37087.

11. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

12. Plaintiff incorporates by reference the preceding paragraphs as though set forth at length herein.

13. Heartland was a professional roofing company retained to create and install a replacement chimney cap at the subject property. Heartland held itself out as having specialized knowledge concerning such work.

14. In addition, Heartland was involved in the design and the manufacturing of the subject chimney cap.

15. On March 6, 2020, a fire occurred at the subject property due to a negligently designed and installed replacement chimney cap by Heartland.

16. The damages sustained by Plaintiff are the direct and proximate result of the negligence and other liability producing conduct of Heartland, as more fully set forth below.

## COUNT I – NEGLIGENCE

17. Plaintiff incorporates by reference the preceding paragraphs as though set forth at length herein.

18. The aforementioned damages were the direct and proximate result of the negligence, carelessness, recklessness and/or other liability producing conduct of Heartland, including negligent acts and/or omissions, as performed personally and/or by and through its agents, employees, servants and/or subcontractors, more specifically described as follows:

> (a) failing to exercise reasonable care in the performance of duties in the installation of the subject chimney cap at the subject property, including, but not limited to, carelessly and negligently performing the following:
>
> > (1) failing to competently install the subject chimney cap at the subject property in a safe and appropriate manner;
> >
> > (2) failing to ensure that proper techniques were employed, and applicable safety procedures followed, as to the installation of the subject chimney cap at the subject property; and/or
> >
> > (3) failing to properly monitor the work of all agents and/or employees during the installation of the subject chimney cap to ensure compliance with applicable codes.
>
> (b) failing to exercise reasonable care in the following manner:
>
> > (1) failing to design and manufacture a properly functioning chimney cap;
> >
> > (2) failing to properly determine that the subject chimney cap was not in compliance with applicable standards;
> >
> > (3) failing to provide safe and adequate warnings or instructions with the subject chimney cap; and/or
> >
> > (4) designing and manufacturing the subject chimney cap when Heartland knew or should have known that the subject chimney cap would be inadequate for the reasons for which it was purchased.

(c) failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks and make recommendations as set forth in subparagraphs (a) and (b);

(d) failing to adequately warn Plaintiff of the dangers associated with failing to exercise reasonable care as set forth in subparagraphs (a) and (b), above;

(e) failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraphs (a) and (b) above;

(f) failing to perform their duties and tasks set forth in subparagraphs (a) and (b) in conformity with prevailing industry and governmental specifications and standards;

(g) failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraphs (a) and (b) above.

19. As a direct and proximate result of such conduct, Plaintiff sustained damage to its real and personal property, as well as the imposition of additional expenses and hardship besides.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants in an amount in excess of $75,000.00, but not to exceed $1,200,000.00, plus costs incident to this suit, pre-judgment interest, post-judgment interest, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II – STRICT PRODUCTS LIABILITY

20. Plaintiff incorporates by reference the preceding paragraphs as though set forth at length herein.

21. Heartland designed, manufactured and/or sold the subject chimney cap in an unreasonably dangerous or defective condition, and placed the defective product into the stream of commerce in violation of § 402A of Restatement (2d) of Torts, the Restatement (3d) of Torts, and/or the applicable case law of the State of Tennessee.

22. At the time of the fire, the product was in the same defective or unreasonably dangerous condition in which it left Heartland's possession and/or control.

23. At no time before March 6, 2020 was the subject chimney cap abused, misused or altered in any way from the condition in which it was designed, manufactured and sold by Heartland.

24. The fire damage that occurred at the subject property was caused by and resulted from the defective or unreasonably dangerous condition of the subject chimney cap.

25. As a direct and proximate result of such defective or dangerous condition of the subject chimney cap, Subrogors sustained damage to their real and personal property, as well as the imposition of additional expenses and hardship besides; and Plaintiff suffered its loss as a result thereof.

26. Heartland is strictly liable to Subrogors, and Plaintiff, pursuant to § 402A of Restatement (2d) of Torts, the Restatement (3d) of Torts, and/or the applicable case law of the State of Tennessee

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants in an amount in excess of $75,000.00, but not to exceed $1,200,000.00, plus costs incident to this suit, pre-judgment interest, post-judgment interest, and for such other relief as this Honorable Court shall deem appropriate under the circumstances. The Plaintiff demands a jury to try this cause of action.

Respectfully submitted, this _____ day of MAY, 2020.

                        BUTLER, VINES AND BABB, PLLC

                        By:   s:\Edward U. Babb
                              EDWARD U. BABB, BPR #013707
                              Attorneys for Plaintiff
                              2701 Kingston Pike
                              Knoxville, TN 37919
                              (865) 244-3926-Direct
                              (865) 637-3385-Fax
                              Email: ebabb@bvblaw.com

## **COST BOND**

We, the undersigned, acknowledge ourselves as Surety for costs of the clerk adjudged in this matter.

                        BUTLER, VINES AND BABB, PLLC

                        By:   s:\Edward U. Babb
                              EDWARD U. BABB
                              BPR #013707
                              Attorney for Plaintiff